[Civ. No. 5394.   Fourth Dist.   Apr. 2, 1957.]

GLEN GORE, Respondent, v. MARCUS L. WITT, JR., Appellant.

Deadrich, Bates & Stewart and Kenneth H. Bates for Appellant.

J. O. Reavis, Vizzard, Baker & Sullivan and Lawrence N. Baker for Respondent.

BARNARD, P. J.—The defendant has appealed from a default judgment, and from an order denying his motion to open and vacate the judgment of default and for other proper

relief. These appeals have been consolidated and are presented on a clerk's transcript.

On May 3, 1956, the plaintiff filed a complaint for the foreclosure of a mechanic's lien in which he alleged that he was a contractor regularly and actively engaged in the business of leveling land; that in December, 1955, he entered into a contract with the defendant for the removal of trees from a certain 80 acres of land at the agreed price of $400; that on January 2, 1956, the parties agreed that the plaintiff should remove all trees and level this land in conformity with grade stakes placed thereon by a licensed surveyor, and the defendant agreed to pay him $400 for the removal of the trees and an additional $5,857.44 for leveling the land; that pursuant to these agreements and between January 10 and March 12 he removed all trees from the ground and stacked them on the property to be burned by the defendant, and completed the leveling work to the satisfaction of the said land surveyor; and that on March 28, 1956, he recorded a verified claim and notice of lien, a copy of which was attached to the complaint.

A summons was issued on May 3 which, with a copy of the complaint, was served on the defendant on May 7 in Tulare County where he lived. On June 8, 1956, the plaintiff filed a request for entry of the default of the defendant and on that day the clerk entered that default. On June 14, 1956, after a hearing at which the plaintiff testified and the notice of contractor's claim of lien and notice of lis pendens were received in evidence, the court ordered judgment in favor of the plaintiff in accordance with the prayer of the complaint. A written judgment and decree for foreclosure of mechanic's lien was signed by the judge on June 15, and was filed and recorded on June 18, 1956.

On June 22, 1956, the defendant filed notice that on July 2, 1956, he would move for an order vacating and setting aside the judgment entered and for such other relief as might be proper, and that the motion would be based on the grounds that the default judgment was taken against him through his mistake, inadvertence, surprise or excusable neglect. A proposed answer and counterclaim and two affidavits were attached to the notice of motion. The answer, among other things, admitted the agreement to pay $400 for the removal of the trees and admitted an agreement for the leveling work, but alleged that the agreed price for the leveling work was $5,208.64 instead of $5,857.44. It also denied that the work

was completed on or about March 12, and alleged that "to this date" the work has not been completed. As a separate defense and by way of counterclaim it was alleged that the plaintiff had agreed to complete the work on or before February 15; that the plaintiff did not complete the job of leveling; that the plaintiff refused to remedy the defects in the work, and the defendant was required to expend $1,125 in partially completing the work and it would require an additional $2,000 to finish the leveling; and that the defendant had been otherwise damaged by the plaintiff's failure to complete the work by February 15. In his affidavits the defendant alleged that he had a good and substantial defense on the merits; that the summons was served on him in Tulare County; that he believed it was served on May 16, 1956; that he remembered that it was served on that day because that day was his birthday; that the 30-day period within which he was required to answer expired on June 15 (a Friday) and the first day on which default could have been entered would have been June 18; that he retained an attorney to represent him on May 23 and told this attorney that he was served on May 16; that his attorney made a note of that fact on the back of the summons and complaint, and prepared his answer; that upon attempting to file the answer on the morning of June 18 he found that a judgment had been entered as of June 14; and that if said summons was served upon him on May 7 he was then and still is mistaken as to the date of service, by reason whereof he neglected to appear and answer until after his default had been entered.

Two affidavits were filed in opposition to the motion, one by the plaintiff's attorney and one by that attorney's secretary. The attorney alleged that on June 18, he received a telephone call from defendant's attorney requesting additional time in which to answer; that he refused this request on the ground that default judgment had been obtained on June 14, and a formal judgment signed on June 15; and that he had been told by the constable who served the summons that the defendant had attempted to persuade the constable to sign an affidavit to the effect that the service of summons had been made on May 17 instead of May 7. The secretary's affidavit alleged that she had received the original returned summons on May 9, 1956, with a bill for services in serving the same; that on May 9 she sent the constable a check in payment for these services; and that this check had been paid on May 17. The motion to set aside the default judgment was heard on

July 2, 1956, and an order was entered denying the motion and giving the defendants 20 days stay of execution. These appeals followed.

■ Ordinarily, a motion for relief from a default judgment, under section 473 of the Code of Civil Procedure, will be denied unless it appears that in arranging for his defense a defendant has exercised such reasonable diligence as a man of ordinary prudence usually bestows upon an important business matter. (*Elms* v. *Elms*, 72 Cal.App.2d 508 [164 P.2d 936].) ■ It is well settled that such a motion is addressed to the sound discretion of the trial court; that this discretion is to be exercised in conformity with the law and in a manner to subserve, and not to defeat, the ends of substantial justice; that the ruling on such a motion will not be reversed in the absence of a clear showing of abuse of discretion; that it is the policy of the law that every case should be heard on its merits, and section 473 is a remedial provision to be liberally construed to the end that cases be disposed of upon their merits; that for these reasons a reviewing court listens more readily to an appeal for an order denying relief than one granting relief; and that where there is any doubt as to whether a default should be set aside such doubt should be resolved in favor of the application. (*Brill* v. *Fox*, 211 Cal. 739 [297 P. 25]; *DeMello* v. *DeMello*, 124 Cal. App.2d 135 [268 P.2d 26].)

■ While inadvertence or negligence on the part of the defendant here appears, the showing with respect to whether or not they were excusable is not too strong. However, the allegations that the defendant believed he had been served on May 16, and that he so informed his attorney were not denied. It appears without conflict that he employed his attorney within 16 days after the actual service, that the attorney was misinformed as to the true date of service, and that the default was taken as soon as possible. Within four days after requesting an extension of time and learning that a default had been entered, notice of an application for relief was given. This was accompanied by a proposed answer containing allegations which, if they were proved, would defeat or largely defeat the plaintiff's claim. In addition to these matters the sufficiency of the complaint upon which the default judgment was based should have been considered. That complaint alleged that the plaintiff was regularly engaged in business as a contractor and it failed to allege that he was a

duly licensed contractor at the time in question, as required by section 7031 of the Business and Professions Code. It contained no allegations showing that the work in question came within the exception provided for in section 7049 of that code, which provides that the requirement for a license shall not apply to work incidental to farming. So far as the complaint is concerned it might well be that this land was being leveled for subdivision or manufacturing purposes. In *Fraenkel* v. *Bank of America*, 40 Cal.2d 845 [256 P.2d 569], although it was held that a demurrer was properly sustained where the complaint failed to allege that the plaintiff had a license, it also appeared that the complaint might be amended and it was further held that a denial of leave to amend constituted an abuse of discretion. At the time the motion to vacate in the instant case was heard it appeared, from certain other facts alleged in the defendant's answer, that the complaint could be so amended as to comply with the statute, but no such amendment was proposed or made. Under all of the circumstances shown by the record it might well be held that an abuse of discretion appeared in the denial of the motion.

The defendant has also appealed from the default judgment entered. The question as to whether or not a default was properly entered may be reviewed upon an appeal from the judgment. (*Pickerill* v. *Strain*, 196 Cal. 683 [239 P. 323].) On an appeal from a default judgment an objection that the complaint failed to state facts sufficient to constitute a cause of action may be considered. (*Martin* v. *Lawrence*, 156 Cal. 191 [103 P. 913].) Under section 7031 of the Business and Professions Code the plaintiff was not entitled to either bring or maintain any action of this nature without both alleging and proving that he was duly licensed, unless facts were alleged showing that he came within the exception provided for in section 7049 of that code. The complaint here contained no such allegations, no amendments were allowed or made, and the complaint on its face disclosed that it did not comply with the statute. While the complaint could have been amended, and it would have been an abuse of discretion to refuse leave to amend, it did not state a cause of action at the time the default judgment was entered. It cannot be said that a default judgment was properly entered when the complaint, as it then stood, disclosed on its face that it did not state a cause of action and that it did not contain allegations required by law. Apparently, the complaint can be amended to sufficiently state a cause of action

but if such an amendment is hereafter made a new service on the defendant will be required and he will have an opportunity to defend the action on its merits.

Since the judgment must be reversed, it is obvious that the order refusing to set aside the judgment and default should also be reversed. The judgment and the order appealed from are reversed.

Griffin, J., and Mussell, J., concurred.