[Sac. No. 7771.   In Bank.   Feb. 24, 1967.]

JACK D. VILES, an Incompetent Person, etc., Plaintiff and Appellant, v. STATE OF CALIFORNIA, Defendant and Respondent.

John R. Saldine for Plaintiff and Appellant.

Harry S. Fenton, Robert F. Carlson, Kenneth G. Nellis and Marc Sandstrom for Defendant and Respondent.

McCOMB, J.—Plaintiff appeals from a minute order denying his petition for leave to present a claim against the State Board of Control (hereinafter called the ''board'') after the statutory period of 100 days had expired but before the expiration of one year from the date of the accrual of the cause of action, pursuant to section 912 of the Government Code.[1]

*Facts*: Plaintiff's wife, Lula Nadine Viles, died from injuries sustained September 12, 1963, on U.S. Highway 50, a California state highway near Sacramento, when her automobile collided head-on with one operated by Charles E. Sinkey. Following the original impact, two other automobiles were involved in the accident. Plaintiff's minor son was also severely injured in the collision.

Plaintiff's claim for the wrongful death of his wife and for property damage to his automobile is based on the asserted dangerous and defective condition of the highway, in that there was a difference in the elevation between the eastbound and westbound lanes of travel, and, because the center dividing stripe was not consistent with the difference in color of the light concrete eastbound lanes and the dark macadam westbound lanes, some traffic followed the joinder mark

---

[1]An order substituting Jack D. Viles, an Incompetent Person, by Clifford R. Viles, his Guardian, as plaintiff, was made after this appeal was perfected. It is not contended that plaintiff was an incompetent during the 100-day period for presenting claims nor during the year following the accrual of his cause of action.

between the light and dark pavement while other traffic followed the center dividing line.

Following the collision, plaintiff was contacted by representatives of the insurance companies insuring his vehicle and that of Mr. Sinkey. He was informed by one or both of the insurance representatives that he had one year in which to file an action for wrongful death and, relying on this information, he did not consult an attorney until June 2, 1964, when he first learned that a claim had to be presented not later than the 100th day after the accrual of the cause of action (Gov. Code, § 911.2).

On June 16, 1964, plaintiff and his minor son applied to the board for leave to file a late claim pursuant to section 911.4 of the Government Code. On July 21, the board granted the minor's application (Gov. Code, § 911.6) but denied plaintiff's application. He then filed a petition in the superior court to present a late claim pursuant to section 912, which, at the time this proceeding was instituted, provided in pertinent part: "(b) The superior court shall grant leave [to file a late claim] if the court finds that the application to the board [to file late] was made within a reasonable time not to exceed one year after the accrual of the cause of action and was denied . . . and that:

"(1) The failure to present the claim was through mistake, inadvertence, surprise or excusable neglect unless the public entity . . . establishes that it would be prejudiced if leave to present the claim were granted; . . .

" . . . . . . . . . . . . .

"(e) The court shall make an independent determination upon the application. The determination shall be made upon the basis of the petition, any affidavits in support of or in opposition to the petition, and any additional evidence received at the hearing on the petition."[2]

In opposition to the petition, an attorney for the state filed a declaration asserting that the state would be prejudiced in its investigation if late filing were permitted; that no employee or representative of the state misled plaintiff; and

---

[2]In 1965 section 912 was repealed, and a new procedure for obtaining judicial relief is set forth in section 946.6 of the Government Code. The petition to the superior court, after rejection of the application to the public entity to present a late claim, is now a petition for relief from having to present any claim at all instead of one for leave to present a late claim. If relief is granted, suit must be filed in the granting court within 30 days after the order.

that due to the delay it will be much more difficult to establish the condition of the highway on the date of the accident.

Plaintiff filed a counterdeclaration of John Hartney, a professional "investigator and negotiator of claims," who asserted that he investigated the accident; that he arranged for the taking of photographs and purchased additional photographs of the scene of the collision, some of which were taken at the scene before the vehicles were removed; that he arranged for an engineering investigation of the site; that he obtained statements from witnesses and made an extensive search for additional witnesses; that independent investigations were carried on by automobile insurance carriers insuring Mrs. Viles with respect to her medical pay coverage and collision coverage, and by investigators on behalf of Mr. Purdy and Mr. Beamis, the owners of the other cars involved in the accident; and that after the filing of plaintiff's petition he revisited the site and the roadway remained unchanged since the time of the collision.

The petition was denied and, since no written findings were made, we do not know whether the trial judge found (a) that plaintiff had not met the burden of proving that his failure to present his claim to the board within 100 days was through mistake, inadvertence, surprise or excusable neglect, or (b) that his failure did result from mistake but nevertheless the application to the board for permission to file a late claim was not made within a reasonable time not to exceed one year from the date of the accrual of the cause of action, or (c) that the failure to file on time was due to mistake but that the state established that it would be prejudiced by the late filing.[3]

*The sole question for us to determine is whether the trial court abused its discretion in denying the petition.*

There is a well-established rule that appellate courts will not reverse the trial court except for abuse of discretion. This rule, however, does not preclude reversal of an order denying relief where adequate cause for such relief is shown by *uncontradicted* evidence or affidavits of the petitioner, nor should it be employed to defeat the liberal policies of remedial

---

[3]Through oversight, a copy of the proposed claim was not attached to the petition as required by section 912, subdivision (c). On appeal, the Court of Appeal granted plaintiff's motion to augment and correct the record. While the superior court did not have an opportunity to examine the proposed claim, it is evident from the declarations filed in support of, and in opposition to, the petition that the court was aware that the basis for the claim was the asserted defective condition of the highway.

statutes designed for that purpose. (Cf. *Greyhound Corp.* v. *Superior Court*, 56 Cal.2d 355, 379 [18] [15 Cal.Rptr. 90, 364 P.2d 266].) It has often been said that denials of such relief by the trial court are scanned more carefully than cases where the court granted the relief, to the end that wherever possible cases may be heard on their merits, and any doubts which may exist should be resolved in favor of the application. (*Beckley* v. *Reclamation Board*, 48 Cal.2d 710, 716-718 [4] [312 P.2d 1098]; *Brill* v. *Fox*, 211 Cal. 739, 743-744 [3] [297 P. 25]; *Waite* v. *Southern Pacific Co.*, 192 Cal. 467, 470 [2] [221 P. 204]; *Gore* v. *Witt*, 149 Cal.App.2d 681, 685 [2] [308 P.2d 770].)

The showing required of a petitioner seeking relief because of mistake, inadvertence, surprise or excusable neglect under section 912, subdivision (b)(1), of the Government Code is the same as required under section 473 of the Code of Civil Procedure for relieving a party from a default judgment. (See Van Alstyne, Cal. Government Tort Liability (Cont. Ed. Bar) § 8.29, pp. 388-389; n. 4, p. 711.)

An examination of the cases applying section 473 of the Code of Civil Procedure discloses that not every mistake of law is excusable (*A & S Air Conditioning* v. *John J. Moore Co.*, 184 Cal.App.2d 617, 620 [7, 9] [7 Cal.Rptr. 592]; *Fidelity Fed. Sav. & Loan Assn.* v. *Long*, 175 Cal.App.2d 149, 154 [5] [345 P.2d 568]; *Security Truck Line* v. *City of Monterey*, 117 Cal.App.2d 441, 445 [2] [256 P.2d 366, 257 P.2d 755]) but that an honest mistake is excusable, the determining factor being the reasonableness of the misconception (*Waite* v. *Southern Pacific Co.*, *supra*, 192 Cal. 467, 470-471; *Beard* v. *Beard*, 16 Cal.2d 645, 648 [2] [107 P.2d 385]; *Svistunoff* v. *Svistunoff*, 108 Cal.App.2d 638, 645-646 [7] [239 P.2d 650]; *Fickeisen* v. *Peebler*, 77 Cal.App.2d 148, 151-152 [1] [174 P.2d 883]; *Roehl* v. *Texas Co.*, 107 Cal.App. 708, 714 [3] [291 P. 262]).

It is uncontradicted that plaintiff was not aware until June 2, 1964, that he was required to present a claim to the board. Based on information received from insurance adjusters experienced in claims work that he had a year in which to bring an action, plaintiff erroneously concluded that an action against the state could be brought in the same manner and within the same time limits as one against a private person, and we cannot say that this was an unreasonable misconception nor one that the average prudent man in the conduct of

important business affairs would not have formed. (See *Elms* v. *Elms*, 72 Cal.App.2d 508, 513 [2-5] [164 P.2d 936].)

A review of the public tort liability statutes and the changes made in 1963 demonstrates an awareness by the Legislature that the various claims statutes were not only inconsistent but that they also provided a technical defense against determination of liability on the merits. At the time of the accident on September 12, 1963, claims against the state for death or physical injury could be presented up to two years, except for certain claims arising out of the operation of motor vehicles by state personnel, which were required to be presented within one year. Claims against local public entities were required to be presented within 100 days in some cases and within one year in others. A complaint could be filed against a local public entity at the same time the claim was presented, while presentation of a claim was a prerequisite to bringing an action against the state. Because the different claims presentation procedures then existing might confuse claimants, and possibly attorneys, the Law Revision Commission recommended (see 4 Cal. Law Revision Com. Rep. (1963) pp. 1008-1009), and the Legislature in 1963 adopted, a uniform procedure (with certain exceptions) for claims for money or damages against both the state and local public entities, requiring them to be presented within 100 days. (Gov. Code, §§ 905, 905.2, 911.2.)

Prior to September 20, 1963, the effective date of the 1963 act, where claims were required to be presented within 100 days (claims against local public entities) the Legislature had provided for judicial relief for noncompliance with the statutory period because of minority, incapacity or death of a claimant. When the Legislature shortened the time for presentation of claims against the state from two years to 100 days, it also expanded the situations where relief might be granted to include persons who failed to comply with the 100-day period through mistake, inadvertence, surprise or excusable neglect, unless the public entity would be prejudiced. It also added in the 1963 act a provision for administrative relief, whereby the public entity was authorized to permit a late claim to be presented upon the same grounds as the granting of a petition by the court, in the hope that the public entity itself would in a proper case, grant relief so that a court proceeding would be unnecessary.

No doubt influenced by the Law Revision Commission's warning that the inflexible time limits of the claims statutes

provided "a trap for the unwary and ignorant claimant" (see 4 Cal. Law Revision Com. Rep., *supra*, p. 1009) the Legislature intended to alleviate the harshness of strict compliance with the claims presentation period by not only minors and disabled persons but also those who were excusably neglectful.

We are of the opinion that the mistake made by plaintiff was of the type foreseen by the Legislature and that his neglect to present his claim within 100 days because of his honest belief that he had a year to act was excusable. ▮ As the court remarked in *Hobbs* v. *Northeast Sacramento County Sanitation Dist.*, 240 Cal.App.2d 552, 556 [49 Cal. Rptr. 606] : "The 1963 legislation is remedial and should be liberally construed. Both the courts and Legislature have recognized that the labyrinth of claims statutes previously scattered throughout our statutes were traps for the unwary. [Citations.] An attempt has been made by the Legislature to remove such snares. Courts should not rebuild them by a too narrow interpretation of the new enactments."

▮ The trial court could not have based its order denying the petition on a finding of prejudice. The opinion of the state's attorney that it will be more difficult to establish the condition of the highway on the date of the accident is insufficient to sustain its burden of proof of prejudice. Even if the court had rejected entirely Mr. Hartney's affidavit stating that he had arranged for the taking of photographs at the time of the accident and had purchased others, the declaration of the state's attorney, unsupported by facts of his own knowledge or observation, was devoid of any evidentiary value.

Before a petitioner is entitled to relief, in addition to showing that his failure to file a timely claim was due to mistake or excusable neglect, he must also show that he made application to the board within a reasonable time not to exceed one year from the date on which his cause of action was deemed to have accrued.[4] ▮ He must also act with reasonable diligence after discovering his default. Since plaintiff's application to the board was made two weeks after he learned from his attorney on June 2, 1964, of the requirement for presenting a claim, and since it would necessarily take his

---

[4]Plaintiff's cause of action was deemed to have accrued on September 20, 1963. The 100-day period expired December 30, 1963. The last day to seek leave to file a late claim was September 21, 1964. (See Legislative Committee Comment to Stats. 1963, ch. 1715, § 152, p. 3424, following Gov. Code, § 900.)

attorney some time to assemble the data for the claim and prepare the application, we think that he acted with reasonable diligence. The more difficult question, however, is whether an application made almost nine months after the cause of action accrued was within a reasonable time.

The purpose of the statute requiring presentation of claims is to give the governmental entity notice and an opportunity to investigate and settle meritorious claims without litigation; the purpose of section 912 is to relieve persons who are under a disability or excusably neglectful from strict compliance with the notice requirement. The delay in presenting claims, of course, frustrates the underlying purpose of affording prompt notice, but this is the very combination of circumstances envisioned by the Legislature when it provided both administrative and judicial remedies for noncompliance with the 100-day statute.

Where, as here, plaintiff's mistake was the actual cause of his failure to comply with the 100-day requirement, his application to the board could obviously not have been made until he discovered his mistake, and the delay was, therefore reasonable under the circumstances.[5] Moreover, having failed to establish prejudice, the state cannot be harmed by the delay. It is also significant that the accident was not completely uninvestigated. The California Highway Patrol, a state agency, made an investigation; at least three insurance carriers made independent investigations of the accident; investigator Hartney declared that he "arranged for the taking of photographs and purchased additional photographs of the scene of the collision, some of which said photographs were taken at the scene of the collision before the vehicles were moved from the highway" and that he also arranged for an engineering investigation of the site and obtained statements from witnesses.

Under the well-recognized policy of the law to liberally construe remedial statutes designed to protect

---

[5]In *Waite* v. *Southern Pac. Co.*, supra, 192 Cal. 467, the defendant was sued in the state court. Its attorney, honestly believing that jurisdiction was in the federal court, instituted removal proceedings and failed to answer in the state court action. Later it was determined that jurisdiction was in the state court, and defendant filed its motion to vacate the default judgment more than five months after it was entered. The maximum time for seeking relief was six months (Code Civ. Proc., § 473). It was held that the application was made within a reasonable time under the circumstances, the court saying, "it must be remembered that during most of this time defendant was acting upon its honest belief that the state court had no jurisdiction of the action." (P. 471.)

persons within their purview, and the modern trend of judicial decisions in favor of granting relief unless absolutely forbidden by statute (*Hobbs* v. *Northeast Sacramento County Sanitation Dist., supra,* 240 Cal.App.2d 552, 556; *Gonzales* v. *County of Merced,* 214 Cal.App.2d 761, 765 [29 Cal.Rptr. 675]; *O'Brien* v. *City of Santa Monica,* 220 Cal.App.2d 67, 74-75 [9] [33 Cal.Rptr. 770]) we are of the opinion that the trial court's denial of the petition defeats the legislative objective and was an abuse of discretion.

The order is reversed.

Traynor, C. J., Peters, J., Tobriner, J., Mosk, J., and Peek, J.,* concurred.

BURKE, J.—I dissent. Plaintiff's only asserted mistake was one of law in being unaware of the claims statute until after expiration of the 100-day period. In my view such a mistake should be held an insufficient excuse for failure to timely present a claim. To compel trial courts to grant relief on a plea of ignorance of the law, as does the majority opinion here, I fear will serve to open the door to evasion and eventual erosion of the claims legislation for all practical purposes.

I would affirm the trial court's order denying the petition for leave to present a late claim.

Respondent's petition for a rehearing was denied March 22, 1967. Burke, J., was of the opinion that the petition should be granted.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.