[No. A011920. First Dist., Div. Five. Apr. 16, 1984.]

BRUCE BABER, Plaintiff and Appellant, v.
NAPA STATE HOSPITAL et al., Defendants and Respondents.

**COUNSEL**

Bruce H. Schwartz for Plaintiff and Appellant.

George Deukmejian and John K. Van de Kamp, Attorneys General, James R. Schwartz and Dennis G. Fry, Deputy Attorneys General, for Defendants and Respondents.

**OPINION**

**HANING, J.**—Plaintiff Bruce Baber appeals from a judgment denying him relief from the claim presentation requirement of Government Code section 945.4.[1] The dispositive issue is whether the trial court abused its discretion in denying the relief sought.

We conclude that uncontradicted evidence of plaintiff's mental illness established his incapacity to comply with the claim requirements, there-

---

[1]All statutory references are to the Government Code, unless otherwise indicated.

by rendering his delay reasonable, and the trial court's denial an abuse of discretion.

Injured parties pursuing tort actions against the State of California must present a claim to the State Board of Control (Board) within 100 days of the accrual of their cause of action. (Gov. Code, § 911.2.) The timely presentation of such a claim and action thereon or rejection thereof by the Board is a prerequisite to commencement of a suit for damages. (Gov. Code, § 945.4.) Parties not meeting the 100-day period of section 911.2 may file an application to present a late claim (Gov. Code, §§ 911.4, 911.6) and if such application is denied may petition the court for relief from the provisions of section 945.4. (Gov. Code, § 946.6.) ■ The trial court's decision on a claim for relief under section 946.6 will not be disturbed on appeal absent an abuse of discretion. (*Ebersol* v. *Cowan* (1983) 35 Cal.3d 427, 435 [197 Cal.Rptr. 601, 673 P.2d 271]; *Viles* v. *State of California* (1967) 66 Cal.2d 24, 28 [56 Cal.Rptr. 666, 423 P.2d 818].)

Plaintiff lost the use of his right eye on July 9, 1977, while involuntarily hospitalized at Napa State Hospital as a gravely disabled conservatee under the Lanterman-Petris-Short Act. (Welf. & Inst. Code, § 5000 et seq.) He remained so hospitalized until November 28, 1977. At that time he was released to a psychiatric halfway house and, at all times relevant to this action, remained under a conservatorship pursuant to a treatment plan. Following his release from the hospital, plaintiff continued to suffer severe mental problems which were exacerbated when he failed to take his prescribed antipsychotic medication. Even when he was on his medication regimen it was difficult to converse with him. Another manifestation of his illness was his failure to maintain regular contact with his conservator, and periodic disappearances from his halfway house.

Plaintiff first met with his attorney on December 23, 1977. His attorney had difficulty understanding him because of plaintiff's illness. The attorney requested copies of plaintiff's medical records from the hospital, but did not receive them until February 1978. Upon receipt of the records, the attorney attempted to discuss them with the hospital staff, but they refused to respond to his inquiries. At this point plaintiff had again disappeared and could not be located by his attorney, his conservator or the halfway house. He was subsequently located, at which time his attorney agreed to represent him and a claim was presented to the Board on May 11, 1978, which was denied. Plaintiff thereafter filed his complaint against the state for the loss of his eye, and also petitioned the court for relief from the requirement of section 945.4, which was denied.

Section 911.4 provides that an application to present a late claim must be presented within a reasonable time, not to exceed one year, after the accrual

of the cause of action. Section 911.6, subdivision (b)(3), provides that the Board shall grant an application to present a late claim where "[t]he person who sustained the alleged injury, damage or loss was physically or mentally incapacitated during all of the time specified in Section 911.2 for the presentation of the claim and by reason of such disability failed to present a claim during such time."

Section 946.6 provides that the court shall relieve a petitioner from the provisions of section 945.4 if the court finds (1) that the application to the Board under section 911.4 was made within a reasonable time, not to exceed one year, of the accrual of the cause of action, and (2) the failure to file a timely claim was due to the plaintiff's incapacity as set forth in section 911.6.

It is undisputed that during the initial 100-day period prescribed by section 911.2 as the time within which the claim must be presented, plaintiff was involuntarily confined at Napa State Hospital as a gravely disabled conservatee. The state does not contest plaintiff's inability to present his claim within the first 100 days. Rather, it contends his application to present a late claim was not made within a reasonable time as required by sections 911.4 and 946.6, although it was submitted within one year of the accrual of his cause of action.

Whether an application to present a late claim was submitted within a reasonable time depends upon the particular facts of the case under consideration, and the policies of the law regarding personal injury claims against the state. Claim statutes are liberally construed whenever possible to permit the action to be tried on its merits. (*Ebersol* v. *Cowan, supra,* 35 Cal.3d 427; *Minsky* v. *City of Los Angeles* (1974) 11 Cal.3d 113 [113 Cal.Rptr. 102, 520 P.2d 726]; *Viles* v. *State of California, supra,* 66 Cal.2d 24.) Appellate courts exercise stricter scrutiny in reviewing the denial of relief from the technical requirements of the claims statutes than when relief is granted. (*Ebersol* v. *Cowan, supra,* 35 Cal.3d at p. 435; *County of Santa Clara* v. *Superior Court* (1971) 4 Cal.3d 545, 552 [94 Cal.Rptr. 158, 483 P.2d 774].) " '[A]ny doubts which may exist should be resolved in favor of the application [for relief].' " (*Id.,* at p. 553, citing *Viles* v. *State of California, supra,* at p. 29.)

The determination of a reasonable time within which to submit an application for relief also involves the court's discretion. "Abuse of discretion is shown where uncontradicted evidence or affidavits of the petitioner establish adequate cause for relief." (*Ebersol* v. *Cowan, supra,* 35 Cal.3d at p. 435.)

■ It is not required that the plaintiff's disability be the sole reason for the delay in presenting a claim, so long as it provides a substantial reason. (*O'Brien* v. *City of Santa Monica* (1963) 220 Cal.App.2d 67 [33 Cal.Rptr. 770]; *Thompson* v. *County of Fresno* (1963) 59 Cal.2d 686 [31 Cal.Rptr. 44, 381 P.2d 924]; Van Alstyne, Cal. Government Tort Liability Practice (Cont.Ed.Bar 1980) § 5.52.) The same logic applies in assessing whether the application to present a late claim was submitted within a reasonable time.

■ The only evidence of plaintiff's mental capacity came from his attorney and his conservator, who was an employee of the State Department of Mental Health. Their declarations, which are consistent and uncontradicted, reveal a plaintiff who was gravely disabled as a result of a mental disorder, who required periodic hospitalization, who was judicially determined to have been unable to provide for his own food, clothing and shelter as a result of his mental disorder, who required a conservator, who required antipsychotic medication, who was incapable of sustained intelligible conversation even when he was on his medication, whose mental disorder caused him to wander off and disappear, and who apparently did not respond satisfactorily to out-patient treatment. A decision which disregarded the uncontradicted evidence of plaintiff's mental capacity would be arbitrary. (*Ebersol* v. *Cowan, supra,* 35 Cal.3d 427; *Tammen* v. *County of San Diego* (1967) 66 Cal.2d 468 [58 Cal.Rptr. 249, 426 P.2d 753].) The state attempts to rely on the deposition testimony of plaintiff taken two and one-half years after the time period in question. That testimony, however, is silent as to his mental condition during the questioned period.

■ We are aware that the mere status of conservatee does not, ipso facto, establish incompetence. (*Board of Regents* v. *Davis* (1975) 14 Cal.3d 33 [120 Cal.Rptr. 407, 533 P.2d 1047].) However, plaintiff has provided sufficient facts, under the circumstances of this conservatorship, to establish the requisite disability.

The judgment is reversed.

Low, P. J., and King, J., concurred.