Filed 12/20/13  Mak v. County of San Mateo CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ROLLAND MAK,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>COUNTY OF SAN MATEO,<br><br>        Defendant and Respondent. | A136545<br><br>(San Mateo County<br>Super. Ct. No. CIV 502106) |
| ROLLAND MAK,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>COUNTY OF SAN MATEO et al.,<br><br>        Defendants and Respondents. | A136795<br><br>(San Mateo County<br>Super. Ct. No. CIV 502106) |

Rolland Mak, proceeding pro se, attempted to pursue tort claims against the County of San Mateo (County) and the San Mateo County Superior Court (Superior Court).  As to each defendant, however, he failed to timely file either government claim demands or applications for leave to present late claims.  The trial court sustained defendants' demurrers without leave to amend in part because failure to present a government claim, or apply for leave to present a late claim, within one year of the accrual of a cause of action is an absolute bar to suit against a public entity.  We affirm.

1

# I.     BACKGROUND

A.     *The Government Claims Statutes*

Generally, no suit against a superior court and no damages suit against a county may be brought unless a written claim has been presented and acted upon (or deemed rejected by operation of law) by the Judicial Council or the county board of supervisors, respectively.  (Gov. Code, §§ 900.2, 900.3, 900.4, 905, 905.7, 940.2, 940.3, 945.4.)[1]  The written claim (government claim) must be presented to the county board of supervisors or the Judicial Council *within six months of the accrual of the underlying cause of action*. (§ 911.2, subd. (a).)

If a government claim is not presented within six months of accrual of the cause of action, the claimant may apply for leave to present a late claim "*within a reasonable time not to exceed one year after the accrual of the cause of action,*" setting forth the reason for the delay.  (§ 911.4, subds. (a), (b), italics added; see § 901 [date of accrual of cause of action is same as it would be without government claim requirement].)  If such an application is submitted, the board of supervisors or Judicial Council must grant the petition if, as relevant here, "[t]he failure to present the claim was through mistake, inadvertence, surprise or excusable neglect and the public entity was not prejudiced," or "[t]he person who sustained the alleged injury, damage or loss was physically or mentally incapacitated during all of the time specified in Section 911.2 for the presentation of the claim and by reason of such disability failed to present a claim during such time." (§ 911.6, subds. (b)(1), (3).)

If an application for leave to present a late claim is denied, the claimant may, *within six months of the application's denial*, petition the court for an order relieving the claimant of the claim requirement.  (§ 946.6, subds. (a), (b).)  The court makes "an independent determination upon the petition . . . upon the basis of the petition, any affidavits in support of or in opposition to the petition, and any additional evidence received at the hearing on the petition." (§ 946.6, subd. (e).)  If a timely petition is filed,

---

[1] All statutory references are to the Government Code unless otherwise indicated.

2

the court must relieve the petitioner of the claim requirement if it determines that the application for leave to present a late claim was timely under section 911.4 *and* one of the grounds for filing a late claim was established. (§ 946.6, subd. (c).)[2] "The showing required of a petitioner seeking relief because of mistake, inadvertence, surprise or excusable neglect under [former] section 912, subdivision (b)(1) . . . is the same as required under section 473 of the Code of Civil Procedure for relieving a party from a default judgment. [Citation.]" (*Viles v. State of California* (1967) 66 Cal.2d 24, 29.) We review the trial court's ruling on a petition for relief under section 946.6 for abuse of discretion. (*Id.* at pp. 28–29; *People ex rel. Dept. of Transportation v. Superior Court* (2003) 105 Cal.App.4th 39, 44.)

B.    *Factual and Procedural Background*

Mak's action is based on the following allegations: In November 2007, Mak and his wife complained to San Mateo County Child Protective Services (CPS) about sexual molestation of their son at his school. In December 2007, San Carlos police arrested Mak's wife and charged her with making criminal threats to CPS workers over the telephone, based on a false report that was written by the police in collaboration with CPS. Court personnel then issued a false statement to the press that family abuse of Mak's son was the cause for the wife's arrest. In December 2007, Mak's son was also removed from Mak's home. Although Mak's son was returned home in a few days, he was declared a dependent minor in March 2008, and the dependency case was not

---

[2] "The court shall relieve the petitioner from the requirements of Section 945.4 if the court finds that the application to the board under Section 911.4 was made within a reasonable time not to exceed that specified in subdivision (b) of Section 911.4 and was denied or deemed denied pursuant to Section 911.6 and that one or more of the following is applicable: [¶] (1) The failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect unless the public entity establishes that it would be prejudiced in the defense of the claim if the court relieves the petitioner from the requirements of Section 945.4. [¶] . . . [¶] (3) The person who sustained the alleged injury, damage or loss was physically or mentally incapacitated during all of the time specified in Section 911.2 for the presentation of the claim and by reason of that disability failed to present a claim during that time. . . ." (§ 946.6, subd. (c).)

3

dismissed until October 2008. During the dependency case, CPS officials interfered with the Mak family's choice of therapist and Mak's appointed counsel collaborated with CPS. The criminal case against Mak's wife continued until May 2009, when she was coerced into accepting a plea bargain. Mak's marriage then broke down and, in July 2010, a family court mediator (Mediator) wrote a false report that led to a family court decision later that month that adversely affected Mak. Mak alleged CPS, with the assistance of the therapy center, and the San Carlos Police maintained the criminal case against his wife and the dependency case regarding his son to deter Mak and his wife from pursuing their complaints against their son's school, CPS, or the San Carlos Police.

On December 1, 2010, Mak presented a government claim to the County incorporating the foregoing allegations. On December 14, 2010, the County notified Mak that his claim was considered timely only for incidents that occurred between June 1 and December 1, 2010. For incidents that occurred between December 1, 2009, and May 31, 2010, the County asserted that the claim was untimely but advised Mak that he could apply "without delay" for leave to present a late claim as to these incidents. For incidents that occurred between December 1, 2007, and November 30, 2009, the County rejected the claim as untimely and said that it was too late to apply for leave to present a late claim. The County cited sections 901, 911.2, 911.4 through 912.2, and 946.6. On January 3, 2011, Mak submitted a request for leave to present a late claim, setting forth the same allegations originally made. On January 18, 2011, the County notified Mak that the board of supervisors had denied his original claim and on February 11, 2011, rejected his request for leave to present a late claim.

On January 6, 2011, Mak filed a complaint against the County in the San Mateo Superior Court making essentially the same allegations. The County demurred to the complaint. On May 4, 2011, the court (Hon. Joseph C. Scott) sustained the demurrer in part. The court sustained the demurrer because Mak did not allege compliance with the government claim requirement and, with respect to tort claims arising from incidents in

4

2007 and 2008, the claims were barred by the two-year statute of limitations.  (Code Civ. Proc., § 335.1.)  The court granted Mak leave to file an amended complaint.[3]

Mak filed a first amended complaint on June 1, 2011, which again named the County as the sole defendant.  While the complaint alluded to the three-year course of misconduct described *ante*, the allegations focused on the Mediator's acts in 2010, and the seven causes of action were based on the Mediator's conduct alone.  Mak specifically alleged that the Mediator was a County employee and the County was liable for her misconduct.  The County again promptly demurred to the complaint.  Mak opposed the demurrer, arguing his new claims were not time-barred and he had timely presented a government claim to the County on December 1, 2010.  Attached to Mak's opposition papers were his December 2010 government claim, his January 2011 request for leave to present a late claim, and the County's denials of the claim and request.

At a September 30, 2011 hearing, Mak learned that, under the 2002 Trial Court Employment Protection and Governance Act, the Mediator's employer might be the Superior Court rather than the County.  (§ 71601, subds. (*l*), (m).)[4]  The court (Hon.

---

[3] At the May 4, 2011 hearing, the court received, but did not file, Mak's motion "requesting the honorable court conduct investigation of [the Mediator's] employment relationship with the Family Court Mediation Department of the San Mateo County. Attached to the motion was a printout of February or March 2011 search results with the URL address, <http://smcdirectory.co.sanmateo.ca.us/ searchUsersForm.html>.  The search results provided the Mediator's name, an email address with a domain address of "sanmateocourt.org," and title of "Family Court Mediator-U."

[4] Section 71601, the definitions provision of the Trial Court Employment Protection and Governance Act, provides in relevant part:

"(*l*) 'Trial court employee' means a person who is both of the following: [¶] (1) Paid from the trial court's budget, regardless of the funding source.  For the purpose of this paragraph, 'trial court's budget' means funds from which the presiding judge of a trial court, or his or her designee, has authority to control, authorize, and direct expenditures, including, but not limited to, local revenues, all grant funds, and trial court operations funds. [¶] (2) Subject to the trial court's right to control the manner and means of his or her work because of the trial court's authority to hire, supervise, discipline, and terminate employment.  For purposes of this paragraph only, the 'trial court' includes the judges of a trial court or their appointees who are vested with or delegated the authority to hire, supervise, discipline, and terminate.

5

Joseph E. Bergeron) continued the matter to allow for supplemental briefing. In his supplemental brief, Mak argued that *if* the Mediator fit the definition of a trial court employee under section 71601, subdivisions (*l*) and (m), he should be granted leave to add the Superior Court as a defendant.

On November 4, 2011, the court (Hon. Joseph E. Bergeron) sustained the County's demurrer to the first amended complaint in part. "It is clear from the face of the complaint and the facts of which the Court has taken judicial notice that [the Mediator] is not a county employee." Mak does not challenge this determination on appeal. The court also ruled, "Plaintiff has failed to allege facts sufficient to state a cause of action against the County of San Mateo. Furthermore, Plaintiff failed to allege facts demonstrating or excusing compliance with the claim presentation requirement. [Citation.] Therefore, Defendant's demurrer to the 1st Amended Complaint is sustained without leave to amend as to the County." Judge Bergeron granted Mak leave to file a second amended complaint against the Superior Court if he could show compliance with government claim presentation requirements.[5]

---

"(m) A person is a 'trial court employee' if and only if both paragraphs (1) and (2) of subdivision (*l*) are true irrespective of job classification or whether the functions performed by that person are identified in Rule 10.810 of the California Rules of Court. 'Trial court employee' includes those subordinate judicial officers who satisfy paragraphs (1) and (2) of subdivision (*l*). The phrase 'trial court employee' does not include temporary employees hired through agencies, jurors, individuals hired by the trial court pursuant to an independent contractor agreement, individuals for whom the county or trial court reports income to the Internal Revenue Service on a Form 1099 and does not withhold employment taxes, sheriffs, temporary judges, and judges whether elected or appointed. . . ."

[5] Mak appealed the court's order. On January 3, 2012, this court dismissed the appeal as premature because the trial court had not entered a written order or judgment of dismissal. (*Mak v. County of San Mateo* (Jan. 3, 2012, A133988) [nonpub. order].) Mak subsequently filed in appeal No. A133988 a "Motion to Split the Original Case into 2 Separate Cases and Remove the Timely Claim Requirement in the Plaintiff's Claim Against the County of San Mateo," and a second similarly-titled motion. On January 27, we construed the motions as a motion for reconsideration of the dismissal of the appeal and denied the motion: "To the extent appellant wishes to pursue an appeal as to respondent County of San Mateo in this court, he must ensure that the trial court enters a

6

On November 18, 2011, Mak applied to the Superior Court for leave to present a late government claim against the court. The Judicial Council denied the application on December 22, 2011. "For events occurring before November 18, 2010, your action will not be considered . . . because the Application was not presented within one year after the accrual of the cause of action as required by law. [(See section 911.4, subd. (b).)] For any remaining portions of your Application, I write to notify you that the Application is denied." Mak was informed that if he wanted to pursue his claims he needed to petition a court within six months to relieve him from the timely claim presentation requirement.

In the meantime, on November 30, 2011, Mak filed a second amended complaint that named only the Superior Court as a defendant and asserted 10 causes of action against the Superior Court based on the Mediator's conduct. The complaint alleged that Mak did not know until November 4, 2011, that the Mediator was an employee of the Superior Court rather than the County. Mak wrote that he was untrained in the law and had been unable to find legal representation, and he argued his mistake was excusable under the law, citing *Viles v. State of California, supra,* 66 Cal.2d 24.

On January 30, 2012, Mak filed a motion asking the court to (1) sever the action into two cases, one against the County and one against the Superior Court, and (2) relieve him from the timely claim requirement with respect to his claims against the County. The court (Hon. V. Raymond Swope) denied the motion without prejudice and directed Mak to file a separate motion seeking relief from the timely claim requirement.

On April 4, 2012, Mak filed a petition for relief from the timely claim requirement with respect to his claims against the County. He argued he should be relieved of the requirement because of the stress and severe depression he experienced as a result of the incidents that underlay his complaint (including his wife's false arrest and coerced plea bargain, his son's removal and dependency proceeding, a subsequent July 2009 CPS investigation, and the breakdown of his marriage), his fear of retaliation if he filed a

_____

written order or judgment of dismissal and, once it has done so, file a new, timely notice of appeal."

7

complaint while his wife's criminal case or his son's dependency case was pending (and legal advice he received not to file any claims while those cases were pending), and logistical difficulties due to his loss of a home and car during the divorce proceedings. He alleged that the County deliberately maintained the criminal case, the dependency case, and the subsequent dependency investigation to deter him from filing a timely complaint. He wrote that, until January 2012, he mistakenly understood that the court had dismissed the County from the case in November 2011, and that he could not file an amended complaint against the County, which explained part of his delay in filing the petition. Mak also alleged for the first time that a CPS supervisor (a County employee) was involved in the creation of the Mediator's false July 2010 report in the family law case.

On May 18, 2012, Mak filed a petition for an order granting leave to present a late claim against the Superior Court by reason of mistake. Mak wrote that he had filed an application to file a late claim with the Superior Court in November 2011, which was denied by the Judicial Council in December 2011, and copies of these papers were attached as exhibits to the motion. Mak again described the personal trauma he had experienced since late 2007, his lack of legal training, and his misidentification of the Mediator's employer until September 2011.

On May 22, 2012, the court (Hon. Joseph C. Scott) denied Mak's motion for relief from the timely claim requirement with respect to the County because it was brought more than six months after the County's rejection of his application for leave to file a late claim.

The hearing on Mak's petition for leave to present a late claim to the Superior Court was continued to July 5 (when the court was also scheduled to rule on a motion to reconsider the court's denial of a request for change of venue).[6] At the July 5, 2012

---

[6] Mak had filed a motion for change of venue in March 2012, arguing the court had a conflict of interest because it was a named defendant in the case. The motion was denied May 3. Mak filed a motion for reconsideration on May 7, and an amended motion for reconsideration on June 5. The hearing on the motion was continued to July 5.

hearing, the court (Hon. John W. Runde) denied the motion for reconsideration of the change of venue motion, but did not rule on the petition for leave to present a late claim to the Superior Court.

In the meantime, the Superior Court had demurred to Mak's second amended complaint in March 2012. Mak never filed an opposition. At a July 24, 2012 hearing, the court (Hon. Joseph E. Bergeron) sustained the Superior Court's demurrer on the grounds that the complaint did not allege presentation of a timely government claim, did not allege a statutory basis for a claim against a public entity, and did not allege facts giving rise to a valid cause of action. Because no opposition was filed that might show the defects could be cured by amendment, the demurrer was sustained without leave to amend.

On August 10, 2012, the court (Hon. Joseph Scott) entered a written order denying the motion for relief from the timely claim requirement regarding the County. Mak appealed from that order (appeal No. A136545). On August 14, 2012, the court (Hon. Joseph E. Bergeron) filed a written order sustaining the Superior Court's demurrer and dismissing the action with prejudice. Mak also appeals from the dismissal order (appeal No. A136795). In June 2013, we consolidated the appeals for purposes of hearing, argument and decision.

## II. DISCUSSION

### A. *Appeal No. A136545*

We dismiss this appeal because it was brought from a nonfinal order. As we explained when we previously dismissed *Mak v. County of San Mateo, supra,* A133988, "An appeal may be taken only after the trial court has entered a written order or judgment of dismissal. (See *Hill v. City of Long Beach* (1995) 33 Cal.App.4th 1684, 1695; see also Cal. Rules of Court, rule 3.1312(d).)" As of the date of the August 10, 2012 order, the County still had not been dismissed as a defendant and the action had not yet been dismissed. Because Mak appealed from the subsequent dismissal order, there is no need for us to construe the appeal as a premature appeal from the subsequent dismissal order. Instead, we dismiss appeal No. A136545. In deciding the subsequent appeal, however,

9

we consider the arguments made in Mak's opening brief in this appeal and records included in the appellant's appendix for appeal No. A136545.

B.    *Appeal No. A136795*

1.    *Claims Against the County*

With respect to incidents that took place before December 1, 2009, Mak's government claim was rejected by the County as untimely and not subject to an application for leave to file a late claim because it was filed more than one year after accrual of any causes of action that arose from those incidents.  (See *Black v. County of Los Angeles* (1970) 12 Cal.App.3d 670, 677 [dismissal for failure to comply with government claim requirement affirmed where plaintiff failed to establish statutory grounds for delay "*and* the claim was not filed within a reasonable time not to exceed one year after the accrual of the cause of action" (italics added)].)  Mak does not argue that the County erred in this respect.  Specifically, he does not argue that his causes of action arising from incidents that occurred before December 1, 2009, accrued later than that date (i.e., less than one year before he filed his government claim) due to delayed discovery or tolling.  (See *Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1109.)  That is, Mak essentially concedes that all claims against the County based on incidents occurring before December 1, 2009, are facially barred by his failure to file a timely government claim.

This conclusion is dispositive of Mak's appeal against the County because all of the incidents of wrongdoing by County employees alleged in Mak's complaints and in his County government claim occurred before December 1, 2009, including the arrest and prosecution of Mak's wife, the involuntary commitment of Mak, and the dependency case and subsequent dependency investigation regarding Mak's son.  In his April 2012 petition for relief from the timely government claim requirement, Mak alleged for the first time that a CPS employee was involved in the Mediator's creation of a false report in July 2010.  But, Mak *never* presented that claim to the County in a timely government claim or timely application for leave to present a late claim, and as of 2012, it was far too late to do so.  The fatal defects in Mak's complaint against the County could not be cured

10

by amendment, and the trial court properly sustained the County's demurrer without leave to amend.

We therefore affirm the trial court's dismissal of the action against the County.

2.     *Claims Against the Superior Court*

Mak presented a government claim regarding the Mediator's alleged misconduct in November 2011, more than one year after the July 2010 incidents alleged that gave rise to the claim. He makes no argument that any cause of action arising from the Mediator's conduct accrued later than July 2010. It is therefore undisputed that his claim was untimely, *and* it was too late to apply for leave to present a late claim. (§§ 911.2, 911.4.) In sum, Mak's claims against the Superior Court were also barred by his failure to comply with the timely government claim requirement.

Mak correctly notes that the trial court never ruled on his petition for leave to present a late claim to the Superior Court. The matter was set for hearing on July 5, 2012, along with Mak's motion for reconsideration of his change of venue motion, but the court only ruled on the latter motion at the hearing. But any error in failure to rule on the petition is clearly harmless. First, the court would have been required to deny the petition since a statutory prerequisite is that a timely late claim request first be made (i.e., within one year of accrual of the cause of action) under section 911.4, and it indisputably was not. Second, and more importantly, the petition was rendered moot when the trial court sustained the unopposed demurrer to the complaint without leave to amend. In ruling on the demurrer, the court relied not only on Mak's failure to present timely government claims, but on the grounds that "the complaint fails to allege any statutory basis for a claim against a government entity. [(§ 815, subd. (a).)]"[7] Finally, the complaint alleges no facts that state any legally cognizable cause of action. Noting that Mak had failed to oppose the demurrer "and offers no manner in which he can cure the above pleading deficiencies," the court denied leave to amend and dismissed the

_____

[7] "Except as otherwise provided by statute: [¶] (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." (§ 815, subd. (a).)

11

complaint. Thus, the trial court also sustained the Superior Court's unopposed demurrer on grounds that Mak did not dispute in the trial court and does not dispute on appeal. The trial court's ruling is *presumed to be correct*, and an appellant has the burden of demonstrating error. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140–1141.) Mak presents nothing to meet his burden of showing error in this respect. Nor does he even suggest here how he would be able to cure the defects identified by the trial court, even if granted leave to submit a late government claim. The burden of proving a reasonable possibility of curing defects in the complaint by amendment "is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) We would therefore be required to affirm the dismissal on demurrer even if we were to conclude that the court erred on the government claim issue.

We affirm the trial court's dismissal of the action against the Superior Court.

### III.   DISPOSITION

Appeal No. A136545 is dismissed. In appeal No. A136795, we affirm the order of dismissal. In the interests of justice, we order each party to bear its own costs on appeal.


_____

Bruiniers, J.


We concur:


_____

Jones, P. J.


_____

Simons, J.