Filed 2/14/25  Williams v. City of Sacramento CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| GRANT WILLIAMS, | C098205 |
| Plaintiff and Respondent, | (Super. Ct. No. 34-2021-00302513-CU-PO-GDS) |
| v. | |
| CITY OF SACRAMENTO et al., | |
| Defendants and Respondents. | |

Plaintiff Grant Williams brought an action against the City of Sacramento and the City of Sacramento Police Department (defendants) alleging negligence, intentional tort, and false imprisonment.  The trial court sustained a demurrer to his second amended complaint on the grounds that plaintiff failed to allege facts demonstrating that he complied with the prefiling requirements of the Government Claims Act (See Gov. Code, § 810, et seq. (the Act)) or was excused from the claim presentation requirements.  The

1

court did not grant leave to amend, because plaintiff did not demonstrate in his opposition how he might successfully amend his pleading.

We affirm the trial court's rulings.

FACTS AND HISTORY OF THE PROCEEDINGS

In his second amended complaint (the operative complaint), plaintiff alleges that on November 8, 2018, he was involved in a violent encounter with his sister and her boyfriend in a grocery store parking lot and inside the store. He alleges that he called 9-1-1, and when police officers from the Sacramento City Police Department arrived, instead of helping him, they improperly detained him, caused him further injury, and prevented him from obtaining medical treatment from first responders who went to the place of the fight. He alleges the officers discriminated against him based on his race.

Plaintiff filed a complaint against the "Sacramento Police" in the trial court alleging racial discrimination and personal injury on June 14, 2021. According to the trial court's ruling sustaining a demurrer to a second amended complaint, on August 6, 2021, plaintiff filed a first amended complaint. Defendants demurred to the first amended complaint. The trial court sustained the demurrer with leave to amend on the grounds that (1) it was devoid of facts demonstrating plaintiff had filed a timely claim with the defendants; and (2) it was barred by the statute of limitations on its face.

Plaintiff then filed the operative complaint in May 2022. The operative complaint purports to raise causes of action for gross negligence, intentional tort, and false imprisonment. Plaintiff seeks punitive damages and compensatory damages for lost wages, general damages, emotional distress, physical injuries, and post traumatic stress. In the operative complaint, plaintiff alleges he is excused from complying with the requirements to the Government Claims Act because of "emergency Rule 9 tolling all statutes of limitations from April 06, 2020 until 90 days after the Governor declares that the state of emergency related to the COVID-19 pandemic is lifted." Emergency Rule 9 of the California Rules of Court is part of Appendix I to the California Rules of Court,

2

which is related to COVID-19. The rule tolled various statutes of limitation to file civil actions beginning April 6, 2020. (Cal. Rules of Court, appen. I, emergency rule 9.)

Defendants demurred to the operative complaint.

In his opposition to the demurrer, defendant claimed he filed a citizen complaint form with the Sacramento Police Department on June 26, 2020, and a complaint of misconduct with the City of Sacramento in July 2020. Attached to his opposition was an unauthenticated citizen complaint filled out on a form created by the Sacramento County Sheriff's Department. The citizen complaint accuses officers of assault and perjury, does not claim a specific amount of monetary damages, and does not state plaintiff believes he personally has a claim upon which he could base a limited or unlimited civil action.

The trial court entered an order sustaining the demurrer without leave to amend and a judgment of dismissal on February 22, 2023.

Plaintiff filed a notice of appeal on March 3, 2023.

DISCUSSION

I

*Principles of Review*

"On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, our standard of review is de novo, i.e., we exercise our independent judgment about whether the complaint alleges facts sufficient to state a cause of action under any possible legal theory. [Citations.] ' "We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed." [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.]' (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; see *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)" (*Moe v. Anderson* (2012) 207 Cal.App.4th 826, 830-831 (*Moe*).)

3

" 'The judgment must be affirmed "if any one of the several grounds of demurrer is well taken. [Citations.]" [Citation.] However, it is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory. [Citation.] And it is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows there is a reasonable possibility any defect identified by the defendant can be cured by amendment.' (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967; [citation].)" (*Moe*, *supra*, 207 Cal.App.4th at p. 831.)

We also note "a fundamental principle of appellate procedure [is] that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609; see also *Williams v. Sacramento River Cats Baseball Club, LLC* (2019) 40 Cal.App.5th 280, 286.)

Each argument made in an appellate brief must be "under a separate heading or subheading summarizing the point," and each point must be supported "by argument and, if possible, by citation of authority." (Cal. Rules of Court, rule 8.204(a)(1)(B).) When a party fails to place an argument under a proper heading or subheading, we need not consider the issue. (See *Sierra Club v. City of Orange* (2008) 163 Cal.App.4th 523, 542; *Browne v. County of Tehama* (2013) 213 Cal.App.4th 704, 726.)

To the extent plaintiff believes he has made an argument that we have not addressed in this decision, we note his briefing lacked the requisite headings and subheadings identifying the substance of his argument. And "self-represented parties are ' "held to the same restrictive procedural rules as an attorney." ' (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.) 'A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation.' (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985.)" (*Burkes v. Robertson* (2018) 26 Cal.App.5th 334, 345.)

4

## II

*The Trial Court Correctly Sustained the Demurrer*

### A. The Government Claims Act

With exceptions not alleged here, the Act requires a person, before filing an action for money or damages against a government entity, to present a claim to the entity and then for the entity to reject it either directly or through inaction. (Gov. Code, § 945.4; see also § 912.4, subd. (c) [specifying when a claim is deemed rejected for failure to act within a specified time].) A claim alleging injury or damages to personal property must be presented within six months of the date of accrual of the cause of action, and all other claims must be presented within one year. (Gov. Code, § 911.2, subd. (a).)

The claim must include various information, including, "[t]he amount claimed if it totals less than ten thousand dollars ($10,000) as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed. If the amount claimed exceeds ten thousand dollars ($10,000), no dollar amount shall be included in the claim. However, it shall indicate whether the claim would be a limited civil case." (Gov. Code, § 910, subd. (f).)

When a person fails to file a personal injury claim within the six-month timeframe, they may apply to the public entity for permission to file a late claim within one year of the accrual date. (See Gov. Code, § 911.4.) If the public entity denies a person's request to file a late claim, that person may petition the superior court for relief from the requirement to file a claim with the entity before commencing an action. (Gov. Code., § 946.6.)

When a plaintiff is required to comply with the Act, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a

claim against a public entity to a demurrer for failure to state a cause of action." (*State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1239.)

### B. The Operative Complaint Does not Comply with the Statute's Requirements

The operative complaint does not allege compliance with the Act. Instead, it alleges plaintiff was excused from complying with the Act due to an emergency rule prompted by the COVID-19 pandemic that tolled the statute of limitations to file civil causes of action, which began tolling periods on April 6, 2020. (Cal. Rules of Court, appen. I, emergency rule 9.)

Even if the emergency rule applied to deadlines to file claims with public agencies to satisfy the prerequisites for bringing an action against a public entity under the Act, that would not help plaintiff. He alleges the event causing his injuries occurred on November 8, 2018. Six months later was May 8, 2019, and one year later was November 8, 2019, well before April 6, 2020.

On appeal, plaintiff appears to be arguing that his failure to allege compliance should be excused because (1) he was busy working through criminal proceedings against him stemming from the incident, and his lawyers told him he could not file a complaint until his criminal action was complete; (2) he did not know he had to file a claim; (3) he submitted something he thought was a compliant claim to Sacramento County on July 20, 2020; and (4) the City got something at some point because it responded to a claim he made with a letter in December 2020. None of this is sufficient to reverse the trial court here.

While Government Code section 945.3 tolls the time in which a person charged with a criminal offense can bring a civil action related to that offense against a police officer or their employer, it does not extend the time within which the person must present their claim to the public entity under the Act. Thus, plaintiff's criminal proceedings had no impact on his deadline to file a claim with defendants.

The cases plaintiff cites in his opening brief as primary support of his argument that he made an excusable error in failing to make a proper filing do not persuade us otherwise. In *Viles v. State* (1967) 66 Cal.2d 24, 26-27, a man failed to file a claim with the state alleging the wrongful death of his wife in a collision on a state highway within 100 days of her death, which was then the timeframe in which to file a claim. He did, however, file a request to make a late claim within one year of the accident. (*Id.* at p. 27.) When the State Board of Control granted his son's application to file a late claim but denied his, the man filed a petition with the superior court to file a late claim. (*Ibid.*) The trial court denied the petition and our Supreme Court reversed, finding the trial court abused its discretion. (*Id.* at p. 33.) *Bettencourt v. Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 273-275, also considered a trial court's denial of a petition for relief from the claim presentment requirements after a government entity denied a potential claimant's request to file a late claim within one year of the incident that gave rise to the action. Here, unlike the plaintiffs in *Viles* and *Bettencourt*, plaintiff has not shown he sought permission to file a late claim within one year of the triggering event, and he did not seek relief from the court to file a late claim.

In his reply brief, plaintiff makes new arguments claiming defendants failed to demonstrate he did not file a claim on time, and alleging additional facts he believes demonstrate he complied with the Act's requirements. " 'We will not ordinarily consider issues raised for the first time in a reply brief. [Citation.] An issue is new if it does more than elaborate on issues raised in the opening brief or rebut arguments made by the respondent in respondent's brief. Fairness militates against allowing an appellant to raise an issue for the first time in a reply brief because consideration of the issue deprives the respondent of the opportunity to counter the appellant by raising opposing arguments about the new issue. [Citation.]' (*American Indian Model Schools v. Oakland Unified School Dist.* (2014) 227 Cal.App.4th 258, 275-276.)" (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 158.)

7

Additionally, as the complaining party it was plaintiff's duty to allege compliance or an excuse from compliance with the Act in his complaint. (See *Willis v. City of Carlsbad* (2020) 48 Cal.App.5th 1104, 1119 ["a complaint failing to allege facts demonstrating timely presentation of a claim or that such presentation was excused is subject to a general demurrer for not stating facts sufficient to constitute a cause of action"].) The operative complaint does not satisfy this requirement.

If plaintiff believes he ought to have been given leave to amend his complaint, he needed to raise that argument in his opening brief under a proper heading. (See *United Grand Corp. v. Malibu Hillbillies, LLC, supra,* 36 Cal.App.5th at p. 158; Cal. Rules of Court, rule 8.204(a)(1)(B).) He did not do this either.

DISPOSITION

The order sustaining the demurrer without leave to amend and the judgment of dismissal are affirmed. The parties will bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a).)

_____
HULL, Acting P. J.

We concur:

_____
KRAUSE, J.

_____
MESIWALA, J.

8