[Civ. Nos. 58865, 59584. Second Dist., Div. One. Mar. 18, 1981.]

MICHAEL RIVERA et al., Plaintiffs and Appellants, v. CITY OF CARSON, Defendant and Respondent.

COUNSEL

Tony J. Torson for Plaintiffs and Appellants.

Richards, Watson, Dreyfuss & Gershon and Anthony B. Drewry for Defendant and Respondent.

OPINION

LILLIE, Acting P. J.—Pursuant to Government Code section 946.6,[1] Michael Rivera, Randy Bowles and Robert Rooney filed a petition in superior court for relief from the provisions of section 945.4 requiring that they present a written claim to respondent City of Carson before bringing an action against it. The petition alleged that on April 25, 1979, petitioners presented to the city a written application for leave to file a late claim for damages on account of personal injuries sustained by them on July 20, 1978, when the car in which they were riding went out of control at a street intersection in the city because of the city's negligence in the design and maintenance of the intersection; the application was denied on June 4, 1979; the reason for the delay in presenting the claim was mistake, inadvertence, surprise and excusable neglect on the part of petitioners in that they (and especially Rivera) feared that criminal proceedings would be filed against them as a result of the accident; an additional reason for the delay in presenting the claim was that Bowles and Rooney were minors throughout the 100-day period following the accident during which the claim was required to be presented.

The petition was denied as to Rivera and granted as to Bowles and Rooney. Thereafter, Bowles and Rooney filed suit for personal injuries against the city which demurred to the complaint on the ground that the action was barred by the applicable statute of limitations (§ 946.6, subd. (f)). The demurrer was sustained without leave to amend and the action was dismissed.

---

[1] All statutory references henceforth are to the Government Code.

■ ■■■ Rivera appeals from an order denying his petition for relief from the provisions of section 945.4.[2] ■ ■■■ Bowles and Rooney appeal from the order dismissing their action against the city.[3]

### APPEAL OF RIVERA

Section 911.2 requires that a claim relating to personal injury must be presented to a public entity within 100 days following accrual of the cause of action. When such a claim has not been timely presented, section 911.4 permits written application to the public entity for leave to file a late claim. If the public entity denies such an application, section 946.6, subdivision (a), authorizes a petition to the superior court for relief from the provisions of section 945.4 requiring the presentation of a written claim to a public entity before an action for damages may be brought against it. Such relief shall be granted "if the court finds that the application... under Section 911.4 was made within a reasonable time not to exceed [one year after the accrual of the cause of action] ...and that... [t]he failure to present the claim was through mistake, inadvertence, surprise or excusable neglect unless the public entity establishes that it would be prejudiced if the court relieves the petitioner from the provisions of Section 945.4 . . . ." (§ 946.6, subd. (c)(1).)

■ A court does not relieve a potential plaintiff from the claim requirement of section 945.4 as a matter of course; he must first demonstrate by a preponderance of the evidence: (1) that the application for leave to present a late claim was made within a reasonable time, and (2) that the failure to file a timely claim was due to mistake, inadvertence, surprise or excusable neglect. (*Tammen* v. *County of San Diego* (1967) 66 Cal.2d 468, 474 [58 Cal.Rptr. 249, 426 P.2d 753]; *City of Fresno* v. *Superior Court* (1980) 104 Cal.App.3d 25, 32 [163 Cal.Rptr. 807]; *El Dorado Irrigation Dist.* v. *Superior Court* (1979) 98 Cal.App.3d 57, 62 [159 Cal.Rptr. 267].) "The 'mistake, inadvertence, surprise or excusable neglect' concept is expressly directed to the 100-day period of section 911.2 and not to the 'reasonable time not to exceed [one year]' period of sections 911.4 and 946.6. 'The showing re-

---

[2]Such order is appealable. (*Dockter* v. *City of Santa Ana* (1968) 261 Cal.App.2d 69, 74 [67 Cal.Rptr. 686].)

[3]They also appeal from the "ruling granting the Demurrer." On the sustaining of a demurrer to a complaint without leave to amend and the dismissal of the action as to the demurring party, the appeal lies from the order of dismissal, not from the order sustaining the demurrer. (*Dollar-A-Day Rent-A-Car Systems, Inc.* v. *Pacific Tel. & Tel. Co.* (1972) 26 Cal.App.3d 454, 455-456 [102 Cal.Rptr. 651].)

quired of a petitioner seeking relief under the authority of Government Code section 946.6 on the grounds of mistake, inadvertence, surprise or excusable neglect is the same as required under section 473 of the Code of Civil Procedure for relieving a party from a default judgment.' [Citation.]" (*El Dorado Irrigation Dist.* v. *Superior Court, supra*, 98 Cal.App.3d at p. 62. Fn. omitted.)

Attached to Rivera's section 946.6 petition and incorporated therein by reference was a copy of his application to the city for leave to present a late claim. That application included the declaration of petitioners' attorney, Tony Torson, who stated: as a result of the accident of July 20, 1978, "certain criminal charges" were filed against Rivera; Rivera and his attorney, Carl Capozzola, asked Torson "to withhold any claim against the city until resolution of all criminal issues could be made"; this request was made on behalf of all of the claimants inasmuch as each faced "possible criminal liability." Also included in the application was a copy of an undated letter from Capozzola to Torson stating that the criminal proceedings "have been successfully resolved." The foregoing declaration and letter were the only materials submitted in support of the petitioner's allegation that the delay in presenting a claim was due to mistake, inadvertence, surprise or excusable neglect.

█ The trial court did not indicate the reasons for its denial of Rivera's petition. However, the record supports implied findings that Rivera neither applied within a reasonable time for leave to present a late claim nor established that his failure to file a claim within 100 days after accrual of the cause of action was due to mistake, inadvertence, surprise or excusable neglect.

The only reason advanced for failure to present a timely claim was the pendency of criminal charges against Rivera growing out of the accident which is the basis of the claim. There is no showing that Rivera was unaware of the requirement of presenting his claim to the city within the 100-day period. The record indicates that he intentionally chose not to file a claim pending the outcome of the criminal proceedings, but there is no discernible basis for his counsel's apparent belief that the filing of a claim would have jeopardized his position in such proceedings. These circumstances do not constitute legally cognizable mistake, inadvertence, surprise or excusable neglect in connection with the failure to file a timely claim. As stated in *County of Sacramento* v. *Superior Court* (1980) 105 Cal.App.3d 898, 902 [164 Cal.Rptr. 724]: "The mistake asserted by [petitioner] is that he was '. . . mistaken in de-

termining exactly what impact filing a claim against the City [*sic*] for civil damages would have. . . .' and his attorney's 'mistaken' belief that filing the claim might adversely affect his negotiations with the district attorney regarding the criminal charges against him. It has been held that, under certain circumstances, a claimant's mistaken belief as to the existence (*Syzemore v. County of Sacramento* (1976) 55 Cal.App.3d 517 [127 Cal.Rptr. 741]), or applicability of the claims statutes (*Viles v. State of California* (1967) 66 Cal.2d 24 [56 Cal.Rptr. 666, 423 P.2d 818]), or even mere forgetfulness on the part of claimant's attorney (*Flores v. Board of Supervisors* (1970) 13 Cal.App.3d 480 [91 Cal.Rptr. 717, 55 A.L.R.3d 925]), may be considered adequate mistakes to justify relief under section 946.6, subdivision (c)(1). However, in those instances, the failure to timely file was not deliberate. [Petitioner] *intentionally* chose not to file. [¶] A deliberate decision not to comply with the claims statutes cannot be considered 'mistake, inadvertence, surprise or excusable neglect.' The so-called 'mistake' here asserted related to his criminal trial strategy and was not concerned with the claims statutes. Under the circumstances his conduct was beyond the scope of the remedial statute." (Original italics.)

Furthermore, inasmuch as the letter from Capozzola to Torson does not indicate when the criminal proceedings against Rivera were "successfully resolved," he also failed to establish that his application for leave to present a late claim (filed Apr. 25, 1979) was made within a reasonable time after removal of the asserted impediment to the filing of the claim.

■ The granting or denial of a petition for relief under section 946.6 rests within the discretion of the trial court and its determination will not be disturbed on appeal except for abuse of that discretion. (*Roberts v. State of California* (1974) 39 Cal.App.3d 844, 847 [114 Cal.Rptr. 518]; *Clark v. City of Compton* (1971) 22 Cal.App.3d 522, 526 [99 Cal.Rptr. 613].) Citing *Viles v. State of California* (1967) 66 Cal.2d 24 [56 Cal.Rptr. 666, 423 P.2d 818], Rivera contends that the denial of his petition was an abuse of discretion. As the Supreme Court observed in *Viles*, section 946.6 is a remedial statute which should be liberally construed, and denials of relief under its provisions "are scanned more carefully than cases where the court granted relief, to the end that wherever possible cases may be heard on their merits. . . ." (66 Cal.2d at p. 29.) These principles do not establish an abuse of discretion in the denial of Rivera's petition, for he presented no evidence that he met the conditions for relief set forth in section 946.6.

Rivera argues that abuse of discretion is shown because the city failed to prove that it would be prejudiced if he were relieved from the claim-filing requirement of section 945.4. The contention lacks merit. The city had no burden to establish prejudice until Rivera had satisfied the court that his failure to file a timely claim was due to mistake, inadvertence, surprise or excusable neglect. (*Tammen* v. *County of San Diego, supra,* 66 Cal.2d 468, 478; *Hasty* v. *County of Los Angeles* (1976) 61 Cal.App.3d 623, 627 [131 Cal.Rptr. 347]; *Black* v. *County of Los Angeles* (1970) 12 Cal.App.3d 670, 677-678 [91 Cal.Rptr. 104].)

### APPEAL OF BOWLES AND ROONEY

On August 29, 1979, the trial court granted appellants' section 946.6 petition on the ground that each was a minor during the 100-day period for the presentation of a claim (§ 946.6, subd. (c)(2)). On October 1, 1979, appellants filed a complaint for personal injuries against the city alleging that on August 29 the court "granted [their] petition to file this action against defendant City of Carson." The city demurred to the complaint on the ground that the action was barred by section 946.6, subdivision (f), which provides: "If the court makes an order relieving the petitioner from the provisions of Section 945.4, suit on the cause of action to which the claim relates must be filed in such court within 30 days thereafter." Appellants challenge the order dismissing their action entered after the demurrer was sustained without leave to amend.

■ The statute of limitations of section 946.6, subdivision (f), is not tolled by the minority of a petitioner who has been relieved of the requirement of filing a claim before bringing suit against a public entity. (*Todd* v. *County of Los Angeles* (1977) 74 Cal.App.3d 661, 664-665 [141 Cal.Rptr. 622].) While the procedure for granting relief from the claims statutes is remedial in nature and must be liberally construed in favor of the claimant, such liberality does not extend to the statute of limitations. (*Tuolumne Air Service, Inc.* v. *Turlock Irrigation Dist.* (1978) 87 Cal.App.3d 248, 252 [150 Cal.Rptr. 809].) The prescribed statutes of limitation for commencement of actions against the state and its political subdivisions are mandatory and must be strictly complied with. (*Todd* v. *County of Los Angeles, supra,* 74 Cal.App.3d 661, 664; *Smith* v. *City and County of San Francisco* (1977) 68 Cal.App.3d 227, 230 [137 Cal.Rptr. 146].) ■ Inasmuch as the complaint showed on its face that appellants' action was barred by the statute of

limitations of section 946.6, subdivision (f), the demurrer was properly sustained without leave to amend and the action dismissed. (See *McGee* v. *Weinberg* (1979) 97 Cal.App.3d 798, 802 [159 Cal.Rptr. 86].)

The order granting appellants' section 946.6 petition directed that they, personally or by their attorney, file a sworn statement of their respective dates of birth within 10 days from the date of the order (Aug. 29, 1979). Thirteen days later, on September 11, 1979, such a statement was filed. Appellants contend that the order gave them 30 days from the filing of the statement (rather than from the making of the order) within which to commence their action against the city; therefore, the complaint was timely filed. We do not agree. If the court by its order intended to postpone the commencement of the 30-day period of limitations from the date of such order to the filing of the statement, the court was without power to do so. The statute of limitations is a creature of the Legislature, which alone has power to fix the conditions under which the statute operates and the circumstances necessary to suspend it. (*Stevens* v. *Suburban Fruit Lands Co.* (1930) 109 Cal.App. 120, 144 [292 P. 699].) "The power to nullify acts of the legislature prescribing a limitation upon the time within which actions may be commenced is not a judicial prerogative." (*Fontana Land Co.* v. *Laughlin* (1926) 199 Cal. 625, 636 [250 P. 669, 48 A.L.R. 1308].)

Appellants further contend that even if their action against the city was not timely commenced, it should not have been dismissed because a declaration which they submitted in opposition to the demurrer showed that the city was estopped by its conduct to assert the statute of limitations as a ground for dismissal. (See *Kiernan* v. *Union Bank* (1976) 55 Cal.App.3d 111, 116-117 [127 Cal.Rptr. 441]; *Estate of Pieper* (1964) 224 Cal.App.2d 670, 690 [37 Cal.Rptr. 46].) We do not reach the merits of this contention, for the point was not properly before the trial court. "As a general rule when estoppel is an element of the cause of action it must be specially pleaded. [Citations.] This rule is particularly applicable where a plaintiff relies upon estoppel to avail against a defense which would otherwise appear upon the very face of the complaint." (*Estate of Pieper, supra,* 224 Cal.App.2d at p. 691.) Although appellants' complaint showed on its face that their action was barred, it did not allege any facts indicating that the city was estopped to assert the statute of limitations as a defense. The court, in ruling on the city's demurrer, was bound by the allegations of the complaint and could not consider facts in appellants' opposing declaration purporting

to establish estoppel. (See *O'Keefe* v. *Atascadero County Sanitation Dist.* (1971) 21 Cal.App.3d 719, 730 [98 Cal.Rptr. 878]; *National Auto. Ins. Co.* v. *Winter* (1943) 58 Cal.App.2d 11, 17 [136 P.2d 22].)

## DISPOSITION

The order denying Rivera's section 946.6 petition and the order dismissing the action of Bowles and Rooney against the city are affirmed.

Hanson (Thaxton), J., and Veron, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.