Filed 6/1/15  Schacter v. Glendale Unified School Dist. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SUSAN SHACTER,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>GLENDALE UNIFIED SCHOOL DISTRICT et al.,<br><br>  Defendants and Respondents. | B258644<br><br>(Los Angeles County<br>Super. Ct. No. EC059980) |

APPEAL from an order of the Superior Court of Los Angeles County. William D. Stewart, Judge.  Affirmed.

Michael Worthington, for Plaintiff and Appellant.

Fagen Friedman & Fulfrost, Kimberly A. Smith, Wesley King and Stephanie Baril; Monroy Averbuck & Gysler, Jennifer E. Gysler for Defendant and Respondent.

Susan Shacter (Shacter), then a teacher in the Glendale Unified School District (the District), sued the District and two assistant superintendents of the District[1] for damages after District officials contacted the Los Angeles County Sheriff when Shacter is alleged to have expressed a desire, while at school, to commit suicide, and Sheriff's deputies transported her, in custody, from school to a psychiatric facility where she was placed on a 72-hour hold.[2] Prior to the deadline for filing a claim under the Government Claims Act (Gov. Code, § 900 et seq. (the Claims Act[3])), Shacter mailed to the District a copy of the detailed Unfair Practices Charge (UPC) she filed the same day with the Public Employment Relations Board (PERB) arising out of the conduct of the respondents, which she detailed in the UPC.

Shacter appeals from the trial court's denial of her petition for "[j]udicial relief from the bar to suit because of nonpresentation of claim." (§ 946.6.) We find no abuse of discretion in the trial court's determination and affirm.

## PROCEDURAL AND FACUTAL HISTORY

Shacter had been a special education teacher in the District for over 10 years by April 25, 2012. During a meeting with a teacher specialist that day, Shacter is alleged to have stated or suggested that she might resolve employment-related issues she was then confronting by committing suicide. The teacher specialist reported this statement to

[1] We will use the term "District" to refer collectively to both the Glendale Unified School District and to its two assistant superintendents who are also defendants. The respondents' brief was filed on behalf of all of these parties. Based on our resolution of this appeal, we need not address whether the individual defendants were properly included in the trial court's order now reviewed.

[2] The Lanterman-Petris-Short Act (Welf. & Inst. Code, § 5000 et seq.) provides in its section 5150 authorization to detain a person for a period of 72 hours for evaluation and treatment if there is "'probable cause to believe that the person is, as a result of mental disorder, a danger to others, or to himself or herself, or gravely disabled.'" (*Gonzalez v. Paradise Valley Hosp.* (2003) 111 Cal.App.4th 735, 740.)

[3] All subsequent undesignated statutory references are to the Government Code.

2

officials at the District office. Two assistant superintendents, Amy Lambert (Lambert) and Dave Samuelson (Samuelson), both defendants and respondents in this action, arrived at the school at which Shacter was teaching by 1:30 p.m. that day to speak with her. In the ensuing meeting, Samuelson commented that Shacter appeared to be depressed and paranoid. Lambert told Shacter that they could not let her leave. At some point the Los Angeles County Sheriff was called and deputies took Shacter to Olive View Hospital where she was placed on a 72-hour hold for psychiatric evaluation.[4]

On October 24, 2012 Shacter filed a UPC with the PERB, consisting of two initial pages on a form prescribed by the PERB and a seven-page attachment which detailed her allegations concerning the confrontation at school on April 25, 2012 and the ensuing events. It also included an itemized statement of her damages to the date of filing. A copy of the entire PERB filing was mailed to the District.[5]

Shacter's complaint for false arrest and imprisonment, invasion of privacy, defamation and violation of the California Constitution and state statutes was filed on January 7, 2013. It includes an allegation that she had complied with the pre-filing notice requirement of the Claims Act. In its answer the District alleged, inter alia, the affirmative defense that Shacter had failed to comply with those pre-litigation claims filing requirements.[6]

---

[4] These factual allegations are taken from the complaint and the narrative which Shacter attached to the UPC she filed with the PERB, dated October 24, 2012. The complaint alleges she was released from Olive View Hospital on the afternoon of April 26, 2012, the day after she had been taken there.

[5] Although Shacter mailed the PERB document to the District and argues on appeal that it qualifies as a claim under the Claims Act, her lawyer twice filed declarations in support of her motion under section 946.6 stating, "4. The claim was not timely filed pursuant to Gov't Code §910.1 [sic] due to reliance on service of a charge against the public entity defendants filed with [PERB] as sufficient notice of the claim."
The same declaration represents, "5. The later filed claim includes the information required by [§910]."

[6] The District's answer alleges: "Plaintiff is barred from seeking relief under the Complaint, and each and every cause of action or count contained therein, by her failure

3

On April 4, 2013 Shacter signed and apparently filed a "Written Application to the Governing Board of [the District] to Make Late-Filed Claim [Gov. Code, § 911.4]." The District denied her application on April 15, 2013. Five months later, on September 30, 2013 Shacter filed a "Notice of Motion for Judicial Relief From Bar to Sue Because of Non-Presentation of Claim [and for other relief as to discovery issues]." (Petition for Relief[7]).

Shacter initially combined her request under section 946.6 with a discovery matter, later withdrawing that motion as it improperly combined distinct requests for relief, and filed a separate petition under section 946.6 together with an amended declaration in support of her motion. On the hearing date, the trial court continued the matter to allow Shacter additional time to file supplemental declarations. Shacter then filed a supplemental brief in support of her motion for relief, and two declarations of counsel. Counsel attached to the second declaration documents which he considered relevant to the petition.

The supplemental memorandum states: "Setting aside the argument whether plaintiff's counsel committed an excusable mistake, [Shacter's counsel] held the belief that a valid tort claim had been filed, and was not disabused on [sic] this understanding from 10/24/12 until 3/21/13." In the first of the two declarations Shacter's counsel included a recitation of his relative skill and lack of familiarity with this area of the law and described how he came to use the PERB form. He used the phrase "Excusable Neglect" three times in the course of this declaration but did not explain how that term applied to the circumstances presented in his motion. In a declaration he filed in connection with an earlier version of the petition, Shacter's counsel had stated: "The mistake I made was not thinking the PERB is the District, rather it was thinking that

to comply with the claims filing requirements of the Government Code, including without limitation, Sections 905, 910, 911.2, 945.4, and 946.6."

[7]     Section 946.6 permits the filing of a petition for relief from the filing deadline. The trial court appropriately considered Shacter's "motion" as a "petition" under this statute.

filing a Charge [sic] with all of the attributes of a tort claim, and service of notice of such charge on the District, was substantial compliance."

At the hearing on the petition for relief on April 18, 2014 Shacter argued that the PERB UPC filing constituted "substantial compliance" with the requirements of the Claims Act. Unpersuaded, the trial court granted Shacter additional time to present evidence and argument in support of her petition for relief, and set a new briefing schedule and argument date, ultimately hearing the matter on June 27, 2014. Shacter submitted no new evidence as the trial court had suggested; instead she filed a revised written memorandum and a new declaration of counsel. In advance of argument on the June hearing date, the trial court issued a 10-page tentative decision which, after argument, it adopted as its final decision, denying Shacter's motion. The trial court's ruling included certain findings of fact discussed below. Shacter filed a timely notice of appeal.[8]

## DISCUSSION

*Contentions*

Shacter contends this court should reverse the order entered by the trial court based on her filing of the UPC with both the PERB and the District on October 24, 2012. She also contends the trial court erred in not finding she substantially complied with the notice requirements of the Claims Act, entitling her to relief under section 946.6, and the District should be estopped from requiring strict compliance with the Claims Act notice

---

[8]     An order *denying* relief from the Claims Act pre-lawsuit claim filing requirements in suits against government entities (§ 946.6) is appealable as it effects a final disposition of the action against the public entity. (*Ovando v. County of Los Angeles* (2008) 159 Cal.App.4th 42, 64.)
        Shacter encountered additional procedural difficulties with her appeal, which were eventually remedied. We denied the District's motion to dismiss the appeal on March 3, 2015.

5

requirements. She does not make any contention, however, based on the specific standard for relief set out in section 946.6, subdivision (c)(1), an omission which is fatal to her appeal for reasons we discuss below.

*Standard of review*

In the trial court, the showing required of a petitioner seeking relief under section 946.6 is the same as that required under Code of Civil Procedure section 473 for relieving that party from a default judgment. (*Viles v. California* (1967) 66 Cal.2d 24, 29.) On appeal, our review is for abuse of discretion. As the court of appeal explained in *J.J. v. County of San Diego* (2014) 223 Cal.App.4th 1214: "The determination of the trial court in granting or denying a petition for relief under Government Code section 946.6 will not be disturbed on appeal except for an abuse of discretion. Abuse of discretion is shown where uncontradicted evidence or affidavits of the plaintiff establish adequate cause for relief. [Citation.]" (*Id.* at pp. 1220-1221; *Shank v. County of Los Angeles* (1983) 139 Cal.App.3d 152.)

*Application of principles*

We begin our analysis with further reference to section 946.6, which sets out the elements required in a petition to the trial court for relief from the bar to sue for failure to timely present a claim under the Claims Act and the standard to be applied by the trial court in determining whether relief is to be granted. We then discuss whether the trial court abused its discretion in its ruling in this case. Section 946.6, subdivision (c) provides in pertinent part: "The court shall relieve the petitioner from the requirements of Section 945.4 [regarding timely filing of the claim] if the court [makes certain findings including, as applicable here, a finding that] [¶] (1) The failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect unless the public entity

6

establishes that it would be prejudiced in the defense of the claim if the court relieves the petitioner from the requirements of Section 954.4. . . ."

Inspection of Shacter's opening brief on appeal reveals that she makes no argument that the failure to timely present her claim was due to "mistake, inadvertence, surprise or excusable neglect. . . ." Shacter argues instead that she substantially complied, gave adequate notice, and even argues that the District should be estopped from contesting her filing below, but she has no section of her brief that addresses the standard quoted above; and makes no argument at any point in her opening brief that the trial court abused its discretion; nor does she cite a case for that necessary contention. The failure to do so constitutes waiver of the argument. (*Provost v. Regents of University of Cal.* (2011) 201 Cal.App.4th 1289, 1294 [arguments not clearly identified in brief headings and supported by reasoned arguments are not considered]; *Roe v. McDonald's Corp.* (2005) 129 Cal.App.4th 1107, 1114 [separate heading and analysis of issues required].) To the extent that the sole reference to "inexcusable neglect" appears in a general heading containing a reference to section 946.6 that reference is clearly insufficient to raise the issue. (*Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830, fn. 4 [failure to include claim in an appropriate heading constitutes waiver of the argument].)

The burden was on Shacter in the trial court to establish a basis for the granting of her petition and to do so before the District was required to respond. (§ 946.6, subd. (c)(1).) The trial court held that she did not do so. Her burden on appeal is to clearly set out and support her contention that the trial court abused its discretion in denying her petition. As Shacter has not done so, we find no abuse of discretion by the trial court and affirm.[9]

---

[9] This disposition makes it unnecessary to address any other contentions raised in the briefs.

7

## DISPOSITION

The trial court's order is affirmed.  The District shall recover its costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

GOODMAN, J.[*]

We concur:

TURNER, P.J.

KRIEGLER, J.

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8