Filed 2/25/21  Price v. County of Butte CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| WILLIAM HENRY PRICE, | C090124 |
| Plaintiff and Appellant, | (Super. Ct. No. 19CV00660) |
| v. | |
| COUNTY OF BUTTE et al., | |
| Defendants and Respondents. | |

Plaintiff William Henry Price (Price), acting in propria persona, appeals the denial of a petition for relief from the claim presentation requirements of the Government Claims Act (Gov. Code, § 810 et seq., the Act).[1]  We conclude the trial court correctly denied his petition as untimely and, therefore, affirm.

---

[1]      Undesignated statutory references are to the Government Code.

BACKGROUND FACTS AND PROCEDURE

On May 7, 2016, Price was arrested and charged with a felony in connection with a domestic violence incident. On February 2, 2018, Price presented a claim under the Act to the County of Butte (the County) seeking $7.2 million in damages for an alleged abuse of power in connection with his arrest.

On February 20, 2018, the County rejected Price's claim as untimely because it was not presented within six months of the date of the occurrence or event from which the alleged claim arose. The County informed Price that he could apply for leave to present a late claim under sections 911.4 to 912.2.

On or about March 8, 2018, Price applied for leave to present a late claim. Price asserted that the reason for the delay in presenting his claim was the "duress" of defending against the criminal charges filed against him without probable cause.

On March 27, 2018, the County denied Price's application for leave to present a late claim, but informed him that he could file a petition under section 946.6 of the Act for an order relieving him from the claim presentation requirements. The County's letter also informed Price that any "[s]uch petition must be filed with the court within six (6) months from the date your application for leave to present a late claim was denied."

On February 27, 2019, approximately 11 months after his application for leave to present a late claim was denied, Price filed a petition in the superior court seeking relief from the claim presentation requirements under section 946.6.

On March 20, 2019, Price's petition came on for hearing. There were no appearances, and the court affirmed its tentative ruling to deny the petition on two grounds: (1) the petition was untimely under section 946.6, subdivision (b), and (2) Price failed to comply with the notice requirements of section 946.6, subdivision (d), and Code of Civil Procedure section 1005.

On May 2, 2019, Price timely appealed from the order denying his petition for relief.

2

DISCUSSION

The sole issue presented in this case is whether the superior court erred in denying Price's petition for relief under section 946.6.**2** The superior court has broad discretion to grant or deny a petition for relief under this statute and its determination will not be disturbed on appeal absent an abuse of discretion. (*Rivera v. City of Carson* (1981) 117 Cal.App.3d 718, 725.) We find no abuse of discretion here.

Generally, the timely presentation of a claim under the Act is a prerequisite to the maintenance of a judicial action for money or damages against a public entity. (§ 945.4.) Failure to timely present a claim to a public entity bars the plaintiff from later filing a lawsuit against it. (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 738.)

When a claim is not timely presented, a claimant may make a written application to the public entity for leave to present a late claim. (§ 911.4, subd. (a).) If the public entity denies that application, the claimant may then petition the superior court under section 946.6 for relief from the claim presentation requirements. (§ 946.6, subd. (a).)

The court may grant relief only if the requirements of section 946.6 are met. One requirement is that the petition must have been filed within six months after the denial (or deemed denial) of the application for leave under section 911.4. (§ 946.6, subd. (b).) "The six-month period 'operates as a statute of limitations. It is mandatory, not discretionary.' [Citation.]" (*J.M. v. Huntington Beach Union High School Dist.* (2017) 2 Cal.5th 648, 653.) If a claimant fails to file the petition in a timely manner, there is no recourse; the petition must be denied. (*Id.* at pp. 651-652, 655-656.)

---

**2**     We need not and do not decide (1) whether the County erred in rejecting Price's 2018 claim as untimely, or (2) whether Price previously presented a claim in 2016 which the County ignored. Neither issue was raised below. (*Hepner v. Franchise Tax Bd.* (1997) 52 Cal.App.4th 1475, 1486 [points not raised in trial court will not be considered on appeal].)

3

Here, Price failed to file his petition within six months after his application for leave was denied. The evidence shows that the County denied Price's application on March 27, 2018. (*Rason v. Santa Barbara City Housing Authority* (1988) 201 Cal.App.3d 817, 824 [clock begins to run upon denial of application].) Therefore, Price had six months from that date, until September 27, 2018, to file a petition for relief under section 946.6. Price did not file his petition until February 27, 2019, more than five months late. His petition therefore was untimely. Nothing in Price's appellate brief convinces us otherwise.[3] Thus, we conclude that the superior court correctly denied the petition on timeliness grounds. (§ 946.6, subd. (e) [court empowered to make independent determination based on petition and any supporting or opposing declarations].) This renders it unnecessary for us to decide whether the court properly denied the petition due to inadequate notice.

## DISPOSITION

The order denying the section 946.6 petition is affirmed. Defendant County is awarded its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

        KRAUSE        , J.

We concur:

      MAURO       , Acting P. J.

      RENNER       , J.

---

[3] Price did not file a reply brief.

4