Filed 1/6/25  Watson v. City of Santa Ana CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| KHALIL WATSON, | |
| Plaintiff and Appellant, | G064370 |
| v. | (Super. Ct. No. 30-2024-01375847) |
| CITY OF SANTA ANA et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from an order of the Superior Court of Orange County, Layne H. Melzer, Judge. Affirmed.

Cline, Brian K. Cline and Mark A. Johnson for Plaintiff and Appellant.

Sonia R. Carvalho, City Attorney and Jonathan R. TerKeurst, Assistant City Attorney, for Defendants and Respondents.

\*            \*            \*

Plaintiff Khalil Watson appeals from an order denying his petition for relief to file a late claim against the City of Santa Ana (the City) pursuant to Government Code section 946.6.[1] Watson contends the court abused its discretion by finding he failed to show his delay resulted from mistake, inadvertence, surprise, or excusable neglect. We find no abuse of discretion and affirm the order.

STATEMENT OF FACTS

I.

WATSON'S CITIZENS COMPLAINT AND CLAIM AGAINST THE CITY

In February 2023, Watson filed a citizens complaint with the Santa Ana police department. According to the complaint, Watson was detained by police officers after a traffic stop on January 25, 2023. He ultimately was issued a citation.

Watson was required to present a claim to the City by July 25, 2023, within six months of the incident. (§ 911.2.) On September 11, 2023, Watson submitted a claim against the City and an application for permission to file a late claim. In his claim, Watson noted he was stopped for an alleged traffic violation without cause and was illegally searched and detained. In the application, Watson explained the reasons for his delay in presenting a claim. Among other things, he stated: "I was advised to wait until after the [criminal] matter was to be litigated to strengthen my lawsuit." He also noted he was out of state in July 2023 due to a family emergency. Watson further explained he submitted a citizens complaint to the Santa Ana police department and was told that someone would contact him, but no one ever did. The City denied Watson's application for leave to file a late claim.

---

[1] All further statutory references are to the Government Code.

## II.

### WATSON'S PETITION

In February 2024, Watson filed a petition in the trial court for permission to file a late claim against the City pursuant to section 946.6. Among other things, Watson argued he was detained and illegally searched on January 25, 2023 due to racial profiling.

Watson also asserted his failure to timely present a claim to the City was due to mistake or excusable neglect. He believed the citizens complaint filed with the Santa Ana police department satisfied any pre-lawsuit claim requirement. A police employee told him that someone "would reach out regarding a decision on the complaint[,]" but no one ever did. Watson also explained he was self-represented and was focused on defending the related criminal case.[2] After the criminal case concluded in his favor, Watson contacted the police department and was told there had been no investigation into his complaint. He then researched how to pursue a civil action and learned for the first time that a separate claim had to be filed with the City. He thereafter filed a claim against the City along with an application for permission to file a late claim, which the City rejected.

## III.

### THE COURT'S ORDER DENYING WATSON'S PETITION

After a hearing, the trial court denied the petition because Watson had not shown his late claim resulted from mistake, inadvertence, surprise, or excusable neglect. The court emphasized Watson provided conflicting explanations for his delay. For example, Watson believed his

---

[2] Watson refers to the matter as a criminal case, and defendants refer to the matter as a traffic case.

citizens complaint satisfied the claim requirement and never retained counsel. Watson also stated he believed he could not commence a civil action until the criminal case concluded, but his application to the City noted he was "'advised'" to wait "'to strengthen [his] lawsuit.'" Finally, Watson's application to the City mentioned a family emergency in July 2023, but he did not mention this in his petition to the court. For these reasons, the court did not find any excusable mistake or neglect.

Watson filed a timely notice of appeal.

## DISCUSSION

Watson contends the court erred by denying his petition because it incorrectly perceived contradictions in his statements. He maintains his failure to present a timely claim to the City was the result of mistake or excusable neglect. We disagree. The court did not abuse its discretion by denying Watson's petition.

### I.

#### APPLICABLE LAW AND STANDARD OF REVIEW

Under the Government Claims Act, a plaintiff generally must present a timely written claim to a public entity before filing suit. (*J.M. v. Huntington Beach Union High School Dist.* (2017) 2 Cal.5th 648, 652.) Claims for personal injury, personal property damage, or wrongful death must be presented no later than six months after the cause of action accrues. (§ 911.2, subd. (a).) A plaintiff who misses this deadline may apply directly to the public entity for leave to present a late claim. (§ 911.4, subd. (a).)

If the public entity denies an application for leave to present a late claim, the plaintiff may petition the trial court, within six months of the entity's denial, for an order relieving the plaintiff from the prefiling requirement. (§ 946.6, subd. (a).) The court "shall relieve the petitioner" (*id.*,

4

subd. (c)) if the "failure to present [a timely] claim was through mistake, inadvertence, surprise, or excusable neglect unless the public entity establishes that it would be prejudiced in the defense of the claim" (*id.*, subd. (c)(1)). "'Relief on grounds of mistake, inadvertence, surprise or excusable neglect is available only on a showing that the claimant's failure to timely present a claim was reasonable when tested by the objective "reasonably prudent person" standard.'"" (*Lincoln Unified School Dist. v. Superior Court* (2020) 45 Cal.App.5th 1079, 1093.)

Section 946.6 ""'is a remedial statute intended to provide relief from technical rules which otherwise provide a trap for the unwary.'"" (*McCurdy v. County of Riverside* (2024) 106 Cal.App.5th 1103, 1117.) "'Thus, a *denial* of such relief by the trial court is examined more rigorously than where relief is granted and any doubts which may exist should be resolved in favor of the application.'" (*Barragan v. County of Los Angeles* (2010) 184 Cal.App.4th 1373, 1382 (*Barragan*).) But "we 'cannot arbitrarily substitute our judgment for that of the trial court.'" (*Ibid.*) A trial court's decision to grant or deny a petition under section 946.6 will not be disturbed except for an abuse of discretion. (*Barragan, supra,* 184 Cal.App.4th at p. 1382.)

## II.

### NO ABUSE OF DISCRETION

Here, the trial court did not abuse its discretion by finding Watson failed to establish mistake, inadvertence, surprise, or excusable neglect. (*Department of Water & Power v. Superior Court* (2000) 82 Cal.App.4th 1288, 1296 [petitioner must establish he or she is entitled to relief].) Watson offered several explanations for his delay in submitting a claim against the City: he believed his citizens complaint to the police department satisfied the claim requirement; he was occupied with his

5

criminal case; he was advised to wait until his criminal case concluded to submit a claim; and he was out of state in July 2023 due to a family emergency. As the court observed, these explanations were inconsistent. Indeed, Watson's assertion that he believed the citizens complaint satisfied the claim requirement contradicts his statement that he was advised to wait before submitting a claim. A person who has been advised to delay the filing of a claim necessarily understands that such a claim is required. The trial court could reasonably conclude Watson's varying explanations undermined his credibility and failed to establish excusable neglect. (*Lincoln Unified School Dist. v. Superior Court*, supra, 45 Cal.App.5th at p. 1096 [contradictory theories of excusable neglect undermine relief].)

Regardless, the circumstances Watson described do not amount to excusable neglect. Ignorance or a failure to discover the claim requirement, without more, does not constitute excusable neglect. (*Barragan, supra*, 184 Cal.App.4th at p. 1382; *Department of Water & Power v. Superior Court, supra*, 82 Cal.App.4th at p. 1297; *Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1778.) Likewise, a deliberate decision to postpone filing a claim does not warrant relief even if it was made based on advice or in the belief it might "strengthen" a later lawsuit. (*Rivera v. City of Carson* (1981) 117 Cal. App. 3d 718, 724–725 [intentionally choosing not to file a claim pending outcome of criminal proceedings did not constitute mistake or excusable neglect]; *County of Sacramento v. Superior Court* (1980) 105 Cal.App. 3d 898, 902 [deliberate decision to not comply with the claim requirement cannot be considered mistake or excusable neglect].)

Watson argues the City conceded it was not prejudiced by his late claim. But the burden to demonstrate mistake, inadvertence, surprise, or excusable neglect rests with the petitioner, not the public entity. (§ 946.6,

6

subd. (c)(1).) Because Watson did not satisfy this threshold requirement, we need not reach the issue of prejudice. (*Rivera v. City of Carson*, *supra*, 117 Cal.App.3d at p. 726.)

For these reasons, the trial court did not abuse its discretion by denying the petition.

## DISPOSITION

The order is affirmed. Defendants shall recover their costs incurred on appeal.


SANCHEZ, J.

WE CONCUR:


MOORE, ACTING P. J.


BANCROFT, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.